[Cite as *State v. Salman*, 2018-Ohio-3516.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Eshtar Salman

Appellant

Court of Appeals No. L-17-1223

Trial Court No. CR0201602649

**DECISION AND JUDGMENT**

Decided: August 31, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Eshtar Salman, appeals from the August 7, 2017 judgment of the

Lucas County Court of Common Pleas sentencing him following acceptance of his no

contest plea and his conviction of involuntary manslaughter, a violation of R.C.

2903.04(B) and (C), a felony of the third degree. Appellant was sentenced to 24 months in prison.

{¶ 2} He asserts the following assignments of error on appeal:

I. The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing appellants to twenty four [sic] months in the Ohio Department of Rehabilitation and Corrections.

II. The trial court committed error to the prejudice of Appellant by imposing the costs of prosecution without consideration of Appellant's present or future ability to pay.

{¶ 3} In his first assignment of error, appellant argues the trial court did not comply with R.C. 2929.11 and 2929.12 when it sentenced him to 24 months of imprisonment.

{¶ 4} The trial court may impose any sentence, so long as it is within the sentencing range for the degree of felony involved. R.C. 2929.12(A); R.C. 2929.13(A); R.C. 2929.14(A); *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17, *superseded by statute on other grounds as stated in State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, 15 (R.C. 2953.08(G)(2) defines the appellate standard of review of sentencing judgments). On appeal, our standard of review is limited by R.C. 2953.08(G)(2) to whether there is clear and convincing evidence that the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) are supported by the record and whether the sentence is contrary to law. *State*

2.

*v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.  In this case, appellant challenges that the sentence was contrary to law because the trial court did not comply with R.C. 2929.12(C)(4) (by failing to consider the mitigating factors in this case) or R.C. 2929.12(E) (by failing to consider the "factors indicating that the offender is not likely to commit future crimes").

{¶ 5} The trial court uses its discretion to impose the appropriate sentence which achieves the purposes of protecting the public and punishing the defendant, without unnecessarily burdening state or local government resources.  R.C. 2929.11(A); R.C. 2929.12(A); R.C. 2929.13(A).  To achieve the purposes of felony sentencing, the court may consider the need for incapacitating the defendant, methods of deterrence, rehabilitation, restitution, the seriousness of the defendant's conduct, and mitigating factors.  R.C. 2929.11(A); R.C. 2929.12.  However, there is no requirement that the court make specific findings or use specific language to reflect consideration of the applicable statutory factors.  *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989); *State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 19.  Absent an affirmative showing to the contrary, we presume the court properly considered the relevant factors set forth in R.C. 2929.11 and 2929.12.  *O'Dell*; *State v. Adjei*, 1st Dist. Hamilton No. C-160207, 2016 Ohio App. LEXIS 3637, *3 (Sept. 9, 2016).

{¶ 6} The charges in this case arose out of an accident that occurred on March 25, 2016, near the Anthony Wayne Trail and the I-475 interchange.  Appellant was driving a semi-truck in the eastbound left lane of the Anthony Wayne Trail.  While appellant could

3.

not read or write English, he understood English enough to tell the officers on the scene that he was traveling 55 m.p.h. with his hazard lights on. However, the prosecution indicated it had witnesses who would have testified that at the time of the accident, appellant's truck was either stopped or backing up at 3-5 m.p.h. The decedent attempted to avoid colliding with appellant's trailer but struck the rear end of the trailer, causing her car to travel off the highway and causing her death from multiple blunt force trauma injuries.

{¶ 7} Appellant's attorney argued for leniency on the grounds that this was an accident, appellant was remorseful, and appellant had purportedly immigrated to America from Iraq because of the danger he faced from his assistance to U.S. troops and became a truck driver because it was his only skill.

{¶ 8} While the court did not specifically mention each seriousness or recidivism factor, the court indicated it had considered the purposes and principles of sentencing, the seriousness of the incidence, and the likelihood of recidivism as required by law. While the court did not recite the mitigating factors, there is nothing in the record to indicate the trial court failed to consider the mitigating factors. The trial court indicated that the sentence was based largely on the fact that appellant was operating a tractor-trailer contrary to fundamental driving rules, which made the truck a "weapon of great destruction." Therefore, the trial court found the potential of future harm to others was a significant factor in this case and sentenced appellant to prevent future crime by him and to deter others from committing such an irresponsible action in the future.

4.

**{¶ 9}** Therefore, we find appellant's first assignment of error not well-taken.

**{¶ 10}** In his second assignment of error, appellant argues that the trial court erred by imposing costs of prosecution without consideration of appellant's ability to pay the costs. Appellee asserts the trial court corrected its judgment in a nunc pro tunc entry of March 28, 2018, to waive the costs of prosecution, attorney fees, and the costs of confinement, and therefore the issue is now moot. We agree and find appellant's second assignment of error is moot.

**{¶ 11}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                                  JUDGE

Arlene Singer, J. _____

_____

Thomas J. Osowik, J.                                            JUDGE
CONCUR.

_____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.