[Cite as *State v. Moore*, 2019-Ohio-1032.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-17-1291

    Appellee                                     Trial Court No. CR0201701379

v.

Rickey Eugene Moore                          **DECISION AND JUDGMENT**

    Appellant                                    Decided:  March 22, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court as a delayed appeal, challenging the imposition of sentence as lacking support in the record.  Finding no error in sentencing, we affirm.

## A. Facts and Procedural Background

{¶ 2} In February 2017, appellant was indicted in case No. CR0201701379 on two counts of burglary, in violation of R.C. 2911.12(A)(2) and (D), 2911.12(A)(2) and (3), felonies of the second degree, one count of breaking and entering in violation of R.C. 2911.13(A) and (C), a felony of the second degree, and one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a misdemeanor of the first degree, stemming from incidents on February 16 and 17, 2017, at a home in Toledo, Ohio.

{¶ 3} While case No. CR0201701379 was pending, the state indicted appellant in a separate case, case No. CR0201701585, on one count of breaking and entering, in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree, arising from an incident in March 2011 at a separate home. Based on blood found at the scene, the state matched appellant's DNA and linked him to this additional offense. The same trial court judge presided over both cases, but the record reflects no consolidation of cases. The state prosecuted the two cases as separate proceedings.

{¶ 4} In May 2017, appellant entered into a plea agreement to resolve both cases. Pursuant to the plea agreement, the state amended Count I of case No. CR0201701379 to the lesser included offense of burglary, a felony of the third degree, and agreed to dismiss the remaining counts at sentencing. Appellant agreed to tender a no contest plea to the lesser included offense in case No. CR0201701379, as well as to the sole count in case No. CR0201701585. The trial court accepted the plea in each case, and entered a guilty finding in each case.

2.

**{¶ 5}** On May 30, 2017, the trial court sentenced appellant to a term of 24 months in prison in case No. CR0201701379, and to a term of 10 months in prison in case No. CR0201701585, and after reciting the statutory language under R.C. 2929.14, ordered the sentence in case No. CR0201701585 to run consecutively to the sentence in case No. CR0201701379, for an aggregate term of 34 months.

**{¶ 6}** At the sentencing hearing, the trial count imposed a sentence in each case, with ruling in the present matter as follows:

It will be the order of the Court in Case No. 17-1379 the defendant having been convicted of the offense of burglary, in violation of Revised Code Section 2911.12(A)(3) and (D), a felony of the third degree, * * * a hearing pursuant to 2929.19, having afforded the defendant and counsel rights to make statements pursuant to Criminal Rule 32(A)(1), as well as having considered 2929.11, as it relates to Case No. 17-1379 the defendant will be sentenced to the Ohio Department of Rehabilitation & Corrections for a period of 24 months, until released according to law, and is ordered to pay the costs of prosecution. The defendant will be given credit for 63 days of time served as of today's date.

Also, pursuant to the plea agreement in this case, a nolle prosequi is hereby entered as it relates to Counts 2, 3, and 4 of that indictment.

3.

{¶ 7} The trial court included this sentence in its journal entry, journalized May 31, 2017, as follows:

The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

The Court finds on May 16, 2017, the defendant entered a plea of no contest and was found guilty by the Court of the lesser included offense of Burglary, a violation of R.C. 2911.12(A)(3)&(D), a felony of the 3rd degree as to count 1.

The Court further finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11. It is ORDERED that defendant serve a term of 24 months in prison.

{¶ 8} On November 28, 2017, appellant filed a pro se motion for leave to file delayed appeal of case No. CR0201701379, arguing "he did not file a timely appeal because S.B. 49 recently became effective" and the legislative intent of that law favors a delayed appeal. As good cause for appeal, appellant argued the interests of justice in permitting his sentences to run concurrently. Appellant did not seek leave to appeal in case No. CR0201701585.

{¶ 9} On January 11, 2018, we granted leave for a delayed appeal of case No. CR0201701379. On January 31, 2018, appellant filed a pro se notice of appeal, and

4.

requested appointed counsel. On February 22, 2018, we appointed counsel, who filed an amended notice of appeal on March 5, 2018.

{¶ 10} Appellant now challenges the sentence in case No. CR0201701379, arguing the record contradicts the trial court's findings under R.C. 2929.11 and 2929.12. Appellant argues that he committed the offenses while struggling against addiction, but seeks treatment to regain his sobriety, and this factor weighs against a prison sanction. Additionally, appellant argues that he expressed remorse for his actions, indicating a likelihood he would not commit future crimes.

{¶ 11} In response, the state notes that appellant only appeals the sentence in case No. CR0201701379, and the trial court properly applied R.C. 2929.12, with no demonstrable error in the record of proceedings. Appellant had eight prior felony convictions and 39 misdemeanor convictions. The trial court addressed appellant's history of substance abuse and, despite the state's amenability to community control and substance abuse treatment, found a prison term to be appropriate.

{¶ 12} The statutory sentencing range for third-degree burglary for appellant is "twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2911.12(A)(3) and 2929.14(A)(3) (effective until March 20, 2019). The trial court sentenced appellant at the lower end of the range, imposing a prison term of 24 months. It is from these facts that appellant now challenges his sentence.

## Assignment of Error

{¶ 13} Appellant asserts a single assignment of error in challenging the sentence in case No. CR0201701379.

Whether the trial court's sentence of appellant, which included consecutive sentences, was supported by the record, where appellant acknowledged his prior drug addiction and requested treatment, and where appellant expressed genuine remorse for the offenses.

## II. Analysis

{¶ 14} As previously noted, appellant seeks review of the judgment in case No. CR0201701379, and that entry contains no language indicating a consecutive sentence. Consecutive sentences, pursuant to R.C. 2929.14(C)(4), require certain statutory findings by the trial court, recited into the record and incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Based on the limited information before us, it appears the trial court imposed the sentence in the second case to run consecutively to the sentence in the present matter.[1]

{¶ 15} Therefore, whether the trial court properly imposed a consecutive sentence in case No. CR0201701585 is an issue that appellant must raise in an appeal of that separate case, challenging that separate judgment. Therefore, while appellant references

---

[1] This is the logical inference, as a court may not order a sentence to run consecutively with a future sentence. *See e.g. State v. Fizer*, 6th Dist. Lucas No. L-15-1307, 2016-Ohio-8384, ¶ 10, citing *State v. White*, 18 Ohio St.3d 340, 342-343, 481 N.E.2d 596 (1985) (finding courts may not impose a sentence to be served consecutively with an additional sentence, not yet entered).

the consecutive sentence imposed in case No. CR0201701585, that issue is not before us in the present appeal. *See e.g. State v. Cunningham*, 3d Dist. Allen No. 1-06-85, 2007-Ohio-1902, ¶ 3 ("No timely appeal was taken from the [consecutive sentence imposed] in the other case, so the issue of the consecutive sentence is not properly before this court and will not be addressed.").

{¶ 16} We review felony sentences under R.C. 2953.08(G)(2), and will not modify or vacate a sentence unless appellant demonstrates, by clear and convincing evidence, that the sentence is contrary to law or unsupported by relevant findings in the record. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 17} Stated differently, to better illustrate the standard, R.C. 2953.08(G)(2) articulates the standard in the negative; "that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in

7.

order to reverse or modify a sentence." (Citations omitted.) *State v. Roberts*, 8th Dist. Cuyahoga No. 104474, 2017-Ohio-9014, ¶ 10.

{¶ 18} Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

*State v. Jones*, 6th Dist. Sandusky No. S-18-013, 2019-Ohio-301, ¶ 182, citing *State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *Marcum* at ¶ 23.

{¶ 19} Appellant does not challenge his sentence under either section of R.C. 2953.08(G)(2). Instead, appellant disputes the trial court's findings under R.C. 2929.12, as unsupported by the record at sentencing. While R.C. 2953.08 does not reference R.C. 2929.12, "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23.

{¶ 20} Therefore, while a sentence may fall within the statutory range and comply with the law, we must still conduct an independent review of the record to determine whether that sentence lacks sufficient support. *State v. K.W.*, 6th Dist. Erie No.

8.

E-16-051, 2017-Ohio-4338, ¶ 20-21. After our review, we may vacate or modify the trial court's sentence if we find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶ 21} The purposes of felony sentencing are three-fold: "to protect the public from future crime * * * to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes * * *." R.C. 2929.11(A). A sentence should be "calculated to achieve the three overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 22} In determining the appropriate sentence, a court considers the purposes and principles factors under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12. These factors include the seriousness of the conduct that constituted the offense, based on factors related to the offender, the offense, or the victim. R.C. 2929.12(B) and (C). Additionally, courts consider factors indicating the offender is likely or unlikely to commit future crimes. R.C. 2929.12(D) and (E).

{¶ 23} In this case, there is no dispute that the trial court recited consideration of the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12, and imposed a sentence within the statutory

9.

range. Therefore, the sentence is not contrary to law. *See State v. Martin*, 6th Dist. Sandusky No. S-17-021, 2018-Ohio-621, ¶ 17; *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 4.

{¶ 24} In challenging his sentence, appellant argues that there are deficiencies in the record before the trial court related to recidivism factors under R.C. 2929.12. Specifically, appellant argues the trial court failed to consider factors under R.C. 2929.12(E)(4) and (5), and disregarded the record in applying factors under R.C. 2929.12(D)(4) and (5).

{¶ 25} The relevant sections under R.C. 2929.12(E) provide, as follows:

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

* * *

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

{¶ 26} The relevant sections under R.C. 2929.12(D) provide:

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

* * *

10.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

{¶ 27} Appellant argues the record demonstrates that the offenses were committed under circumstances not likely to recur once he is sober. At his sentencing hearing, appellant indicated he was "on drugs all the time," but had been clean at one point in his life "for five years three months 33 days." Based on review of the record, however, appellant's criminal history contradicts his claim that sobriety will ensure no future offenses. As the trial court noted, appellant's criminal record spans decades, with eight prior felony convictions and 39 prior misdemeanor convictions. Despite appellant's assertion of more than five years of sobriety, there is no corresponding period in his criminal record, spanning more than five years, without criminal activity. At sentencing, appellant acknowledged his most recent felony conviction in 2012, and the record demonstrates misdemeanor convictions between 2012 and the present conviction.

{¶ 28} Additionally, appellant contends he demonstrated genuine remorse at the time of sentencing, as evidenced by the transcript of the sentencing hearing, and based on this remorse, he is not likely to commit future crimes. The only evidence of remorse presented at hearing consisted of appellant's own words. "However, a court is not required to believe that the defendant is remorseful simply because such statements were

11.

made at the sentencing hearing." *State v. Benore*, 6th Dist. Ottawa No. OT-04-021, 2005-Ohio-2944, ¶ 35. The trial court is in the best position to judge credibility of such statements of remorse. *Id*. at ¶ 36. Upon review of the record, there is nothing to suggest the trial court improperly considered appellant's statements. Simply put, appellant saying it does not make it so.

{¶ 29} Finally, appellant argues the record shows he fully acknowledged his drug addiction and requested treatment as part of a community control sentence as his "one chance," and the trial court failed to consider this request in sentencing him to prison. The trial rejected community control as a sentence. Instead, the trial court noted appellant had received "a lot of chances[,]" had served prison time for other offenses, and "it doesn't seem as though we've gotten your attention because you're still committing crimes."

{¶ 30} Upon careful review of the record, we find appellant failed to demonstrate that the record does not clearly and convincingly support the trial court's findings relative to sentencing. Accordingly, we find no basis for reversal or modification, relative to the trial court's findings under R.C. 2929.12(D) and (E), and appellant's sole assignment of error is found not well-taken.

12.

### III. Conclusion

**{¶ 31}** For the foregoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24(A)(2), appellant is assessed the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                            _____
                                                              JUDGE

Thomas J. Osowik, J.

                                           _____
Gene A. Zmuda, J.                                            JUDGE
CONCUR.

                                           _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.