[Cite as *State v. Boyer*, 2019-Ohio-2590.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-120 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-160 |
| | : | |
| ALEXANDER BOYER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of June, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, OH 45502
    Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 W. Second Street, Suite 460, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Alexander Boyer appeals from his conviction and sentence following a negotiated guilty plea to one count of attempted murder, a first-degree felony.

{¶ 2} In his sole assignment of error, Boyer contends the trial court erred in imposing a seven-year prison sentence.

{¶ 3} The record reflects that a grand jury indicted Boyer on charges of attempted murder, felonious assault, having a weapon while under disability, and related firearm specifications. The charges stemmed from Boyer shooting the victim with a nine-millimeter handgun. At the time of the offense, Boyer was having an affair with the victim's wife, Jo Ann Perry.[1] The victim, Brian Perry, went to Boyer's house to talk to Jo Ann. Boyer came outside where husband and wife were talking and fired one shot in Brian Perry's chest. Boyer later pled guilty to attempted murder. In exchange, the State dismissed the other charges and specifications. At sentencing, the trial court heard arguments from counsel and a statement from Boyer. It also considered a victim-impact statement and a presentence-investigation report. Based on the information before it, the trial court imposed a seven-year prison sentence.

{¶ 4} On appeal, Boyer challenges his sentence. He first argues that "there is not clear and convincing evidence within the record for the required relevant findings under division (D) of R.C. 2929.13 to support a seven-year prison sentence." (Appellant's brief at pg. 4.) He also cites the PSI report and engages in his own analysis of the statutory "seriousness" and "recidivism" factors. (*Id.* at 5-8.) He argues that he "was a good

---

[1] On appeal, Boyer refers to Jo Ann Perry as victim Brian Perry's "ex-wife." Brian and Jo Ann Perry apparently divorced after the shooting, and Boyer married her. At the time of the shooting, however, Jo Ann Perry still was married to the victim.

candidate for community control" and that he "was more amenable to community control than prison and a sentence of seven years is excessive." (*Id.* at 6, 8.)

{¶ 5} When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 6} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing * * * more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 7} Although sentences exceeding the statutory minimum do not require any of the findings specified in R.C. 2953.08(G)(2), the Ohio Supreme Court has found it appropriate "for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence."

*Marcum* at ¶ 23.

{¶ 8} In the present case, Boyer's sentence is not contrary to law. The seven-year sentence is within the authorized statutory range, and the trial court considered the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors, thereby making the sentence authorized by law. *State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 6-7. Therefore, we may vacate or modify Boyer's lawful sentence only if we find by clear and convincing evidence that the record does not support it. We make no such finding here.

{¶ 9} As an initial matter, we reject Boyer's assertion that "there is not clear and convincing evidence within the record for the required relevant findings under division (D) of R.C. 2929.13 to support a seven-year prison sentence." The trial court made no findings under R.C. 2929.13(D), and none were required to impose a seven-year sentence. For the offense of attempted murder, a statutory presumption exists that a prison term is necessary. R.C. 2929.13(D)(1). Under R.C. 2929.13(D)(2), the presumption is rebuttable and a trial court may impose community control if it finds, based on its analysis of the seriousness and recidivism factors in R.C. 2929.12, that community control "would adequately punish the offender and protect the public from future crime" and that it "would not demean the seriousness of the offense." R.C. 2929.13(D)(2). The trial court did not make these findings, and the record would not support them in any event.

{¶ 10} At the time of the current offense, Boyer was 20 years old. His juvenile record included six domestic violence adjudications,[2] a rape adjudication, and three

---

[2] Boyer's appellate brief states that he had four domestic violence "convictions" as a juvenile. Although the PSI report shows four cases, it reflects six separate adjudications, which indicates that there were multiple victims or offenses within some cases.

probation violations, the last of which included a revocation and a recommitment to DYS. (PSI at 3-5.) As an adult, he had another domestic violence case pending at the time of sentencing in this case. In a victim-impact statement included with the PSI report, Brian Perry stated that he went to Boyer's house because he suspected that Boyer and his wife were having an affair. Perry asked his wife to come outside and then waited in a car for her. According to a police report accompanying the PSI, Perry told investigators that he was sitting in the car talking to his wife when Boyer came outside and banged on the vehicle's door and window. Perry's wife exited the vehicle. As Perry also was getting out, Boyer pulled a handgun and pointed it at him. According to Perry, he put a hand up, took a couple of steps back, and said, "Whoa, whoa." Boyer responded by shooting him in the chest and then running back inside the house. In his version of the incident, Boyer stated that he pulled the gun after Perry slammed his wife into the car. As Boyer "was trying to back away," Perry "kept charging." (PSI at 2.) Boyer claimed he fired his gun because he feared Perry was going to kill him. (*Id.*)

{¶ 11} In his victim-impact statement, Perry explained that the shooting had forced him to resign from his job because he no longer could perform the work and to take a position at much lower pay. He also stated that his children had trouble sleeping after the incident and were fearful that he would be killed. At least one of the children experienced longer-term emotional problems as a result of the shooting. Perry stated that he too remained fearful and felt a need to "look over [his] shoulder."

{¶ 12} At sentencing, the trial court cited Perry's serious physical harm as a factor making Boyer's conduct more serious than conduct normally constituting the offense. (Sentencing Tr. at 11.) The trial court found no factors making the offense less serious

than normal. (*Id.*) As for factors making recidivism more likely, the trial court found that Boyer previously had been adjudicated delinquent, that he had not been rehabilitated adequately, and that he showed no genuine remorse. (*Id.* at 11-12.) As for factors making recidivism less likely, the trial court noted that Boyer had no adult criminal convictions prior to committing the offense at issue and that he had a low risk-assessment score. (*Id.* at 12-13.) The trial court then found that a prison term was consistent with the principles and purposes of sentencing and that Boyer was not amenable to community control. The trial court opined that "any combination of community control sanctions would demean the seriousness of his conduct and impact on the victim; and the sentence of imprisonment is commensurate with the seriousness of his conduct and impact on the victim and does not place an unnecessary burden on state governmental resources." (*Id.* at 14.) The trial court added: "In reviewing [R.C.] 2929.13(D), for factors that would overcome a presumption of prison for a felony of the first degree, I find that those factors are not present." (*Id.*) The trial court imposed a seven-year prison sentence. (*Id.*)

{¶ 13} On appeal, Boyer stresses that his only prior adult conviction was a traffic offense. He also claims the pending domestic violence case cited by the trial court subsequently was dismissed. The record on appeal fails to show the ultimate disposition of that case. Regardless, the significance of Boyer's sparse adult record is diminished by the fact that he was only 20 years old when he shot Perry. Boyer also stresses his low risk-assessment score and the fact that he posted bond and complied with the terms of bond during the pendency of proceedings below. He suggests that these facts made him a good candidate for community control. Finally, Boyer argues that three of the statutory "less serious" factors under R.C. 2929.12(C) apply here: (1) Perry induced or facilitated

the offense, (2) Boyer acted under strong provocation, and (3) there are substantial grounds to mitigate Boyer's conduct.

{¶ 14} The trial considered Boyer's low risk-assessment score in its analysis, and it undoubtedly was aware that he did not commit any violations while on bond. With regard to the three R.C. 2929.12(C) factors, the trial court acted reasonably in not finding any of them applicable. To suggest that Perry induced or facilitated the shooting by trying to speak with his wife in the car is unconvincing. The record also does not support a finding that Boyer, who was having an affair with Perry's wife, acted under strong provocation. Under Perry's version of events, there were no substantial grounds to mitigate Boyer's conduct. Even under Boyer's version of events, he voluntarily came outside and confronted Perry with a loaded weapon.

{¶ 15} Finally, we cannot ignore the sentencing benefit Boyer likely obtained by entering a negotiated guilty plea. His attempted murder conviction itself carried a potential 11-year prison sentence. In exchange for his guilty plea to that charge, the State dismissed a third-degree-felony weapon-under-disability charge that could have resulted in additional prison time. It also dismissed a firearm specification that would have required an additional consecutive prison sentence.[3]

{¶ 16} Having reviewed the record, we do not find that it clearly and convincingly fails to support the trial court's imposition of a seven-year prison sentence for attempted murder. Boyer's assignment of error is overruled.

{¶ 17} The judgment of the Clark County Common Pleas Court is affirmed.

---

[3] The State also dismissed a felonious assault charge, but it undoubtedly would have been subject to merger at sentencing.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.


Copies sent to:

John M. Lintz
Travis Kane
Hon. Richard J. O'Neill