[Cite as *State v. Robinson*, 2019-Ohio-4902.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-18-083

     Appellee                                Trial Court No. 2018CR164

v.

Sean Donta Robinson                        **DECISION AND JUDGMENT**

     Appellant                               Decided:  November 27, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Sean Donta Robinson, appeals the November 27, 2019 judgment

of the Wood County Court of Common Pleas sentencing appellant to an 11-month term

of imprisonment for violating appellant' s community control.  We affirm because

appellant's sentence is not contrary to law and the trial court properly considered the

purposes and principles of sentencing in R.C. 2929.11 and the applicable factors in R.C. 2929.12.

{¶ 2} Appellant brings forth one assignment of error:

> The trial court did not comply with R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to eleven months in the Ohio Department of Rehabilitation and Corrections instead of ordering community control sanctions.

{¶ 3} On May 3, 2018, appellant was indicted on one count of grand theft in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fourth degree and two counts of forgery in violation of R.C. 2913.31(A)(3), (C)(1)(b)(i), both felonies of the fourth degree. Appellant was accused of attempting to cash an illegal check to himself and cashing checks that belonged to a company without the company's permission. Appellant would later state he was given the checks by two other men who asked him to cash the checks. In return, appellant was to receive ten percent of the check proceeds.

{¶ 4} Following a plea bargain, appellant pled guilty to an amended count of theft in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fifth degree, and one count forgery in violation of R.C. 2913.31(A)(3), (C)(1)(b), a felony of the fifth degree. The third charge was dismissed. A presentence investigation report was created and reviewed by the trial court.

{¶ 5} On October 9, 2018, appellant was sentenced to three years of community control on both counts. As part of community control, appellant was required to

2.

complete the SEARCH program and pay $4,407.31 in restitution. The trial court notified appellant that violation of the community control conditions could lead to the imposition of a prison term of 12 months on each charge.

{¶ 6} Appellant entered the SEARCH program shortly after sentencing, but appellant was removed from the program after 15 days. Appellant was removed for consistently stating to staff and other program participants that he did not want to be in the program and that he wanted to leave. Appellant also failed to participate fully in the program. The Wood County Adult Probation Department filed a petition for revocation of appellant's community control due to his removal from the program.

{¶ 7} On November 27, 2018, appellant appeared in court in response to the petition and waived representation of counsel. Appellant stipulated that he violated the terms and conditions of his community control. At his hearing, the trial court unsuccessfully terminated appellant from community control on the one count of theft and sentenced appellant to an 11-month term of imprisonment. Appellant was ordered to remain on community control for three years on the remaining charge.

## Law and Analysis

{¶ 8} A trial court may impose any sentence that falls within the sentencing range for the degree of felony involved. R.C. 2929.12(A); 2929.13(A); 2929.14(A); *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 4. An appellate court must determine whether the sentence is supported by clear and convincing evidence and whether the sentence is contrary to law. R.C. 2953.08(G)(2); *Salman* at ¶ 4. Appellant

3.

contends that his sentence was contrary to law because the trial court failed to comply with R.C. 2929.12(C)(4) for failing to consider mitigating factors in this case. *Salman* at ¶ 4.

{¶ 9} The trial court must use its discretion to impose the appropriate sentence which achieves the purposes of protecting the public and punishing the defendant, while imposing a sentence that does not unnecessarily burden state or local government resources. R.C. 2929.11(A); R.C. 2929.12(A); R.C. 2929.13(A); *Salman* at ¶ 5. " To achieve the purposes of felony sentencing, the court may consider the need for incapacitating the defendant, methods of deterrence, rehabilitation, restitution, the seriousness of the defendant' s conduct, and mitigating factors." *Salman* at ¶ 5, citing R.C. 2929.11(A) and 2929.12.

{¶ 10} There is no requirement that the trial court make specific findings to reflect its consideration of applicable statutory factors. *Id*., citing *State v. O' Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989). "Absent an affirmative showing to the contrary, we presume the court properly considered the relevant factors set forth in R.C. 2929.11 and 2929.12." *Id*.

{¶ 11} Appellant argues that the trial court erred in imposing the prison term because there is a presumption against imprisonment for felonies of the fifth degree, the trial court failed to consider any mitigating factors before imposing the prison term, and the trial court did not consider appellant' s mental issues during his brief time at the SEARCH program. Appellant argues the trial court should have attempted to discern

why appellant was removed from the SEARCH program and tailored a sentence to alleviate any of those barriers. Appellee argue that the trial court complied with R.C. 2929.11 and 2929.12 in imposing its sentence.

{¶ 12} At the sentencing hearing, appellant stated that he had a nervous breakdown during his short time at SEARCH which contributed to his statements that would lead to his removal from the program. Appellant also stated that he was in counseling, going to AA meetings, and following all other rules laid down by the court. Appellant argued that he had one nervous breakdown, but then began to earnestly participate in the program.

{¶ 13} Appellee responded by stating that appellant asked to leave the program, only attended one session during his stay at the program, and only received three weekly incentives and two character coupons.

{¶ 14} The trial court terminated appellant's community control sanctions and imposed a prison term. The sentencing entry in this matter states that the trial court considered the required purposes and factors in R.C. 2929.11 and 2929.12. The trial court found that appellant failed to participate in the SEARCH program and determined that it was inappropriate for appellant to state he wanted to leave the program.

{¶ 15} Appellant's sentence of 11 months was within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(4). At the October sentencing hearing, the trial court heard from appellant, heard from the victim, and reviewed a presentence investigation report that contained appellant' s criminal history. At the November

5.

sentencing hearing, the trial court considered appellant' s statements and reflected in its sentencing entry its consideration of the factors in R.C. 2929.11 and considerations in R.C. 2929.12. The record contains evidence that the trial court considered the purposes and principles of sentencing and the required factors in R.C. 2929.12. There is no indication that the trial court failed to consider mitigating factors or ignored appellant's statement in the record. The trial court explained that appellant's actions lead to his removal from the SEARCH program and therefore he had violated the conditions of his community control sanctions.

{¶ 16} Given the trial court' s explanations for the 11-month prison term, the fact that the sentence fell within the range of permissible sentences, and the presumption that the court properly balanced the principles and purposes of sentencing and considered all other factors in R.C. 2929.12, we find that appellant's sentence is not contrary to law. Appellant's sole assignment of error is not well-taken.

{¶ 17} We affirm the November 27, 2018 judgment of the Wood County Court of Common Pleas. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Arlene Singer, J.             _____
                                                   JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.            _____
CONCUR.                                            JUDGE

                                               _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.