[Cite as *State v. Burmeister*, 2020-Ohio-1048.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                            Court of Appeals No. S-19-027

    Appellee                                     Trial Court No. 18CR1055

v.

Amber R. Burmeister                          **DECISION AND JUDGMENT**

    Appellant                                    Decided:  March 20, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Amber Burmeister, appeals the May 15, 2019 judgment of the
Sandusky County Court of Common Pleas sentencing her to a six-month jail term after
she pled guilty to one charge of breaking and entering.  Because appellant's sentence is

not contrary to law, the trial court properly considered the purposes and principles of sentencing, and the sentence was not excessive.

{¶ 2} Appellant brings forth one assignment of error for our review:

The trial court's sentence of appellant is excessive and violates the law.

{¶ 3} On September 28, 2018, appellant was indicted for breaking and entering, a felony of the fifth degree in violation of R.C. 2911.13(A) and one count of grand theft, a felony of the third degree in violation of R.C. 2913.02(A)(1).

{¶ 4} Appellant and appellee entered into a plea agreement in which appellant would plead guilty to the charge of breaking and entering. In exchange, the charge of grand theft would be dismissed. These charges stem from appellant's participation with two other individuals breaking into storage units while appellant served as a lookout. Firearms were stolen from these storage units. Appellant entered a guilty plea and a presentence investigation was completed. On May 15, 2019, appellant was sentenced by the trial court to a six-month term in jail and was ordered to pay $2,471.48 in restitution to the victim.

{¶ 5} We review felony sentences as set forth in R.C. 2953.08(G)(2). *State v Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if

2.

it clearly and convincingly finds that either the record does not support the sentencing court's findings or that the sentence is contrary to law.

{¶ 6} A trial court may impose any sentence that falls within the sentencing range for the degree of felony involved. R.C. 2929.12(A); 2929.13 (A); 2929.14(A); *State v. Salman*, 6th Dist. Lucas No. L-17-1223, 2018-Ohio-3516, ¶ 4. An appellate court must determine whether the sentence is supported by clear and convincing evidence and whether the sentence is contrary to law. R.C. 2953.08(G)(2); *Salman* at ¶ 4. Appellant contends that his sentence was contrary to law because the trial court failed to comply with R.C. 2929.12(C)(4) for failing to consider mitigating factors in this case. *Salman* at ¶ 4.

{¶ 7} The trial court must use its discretion to impose the appropriate sentence which achieves the purposes of protecting the public and punishing the defendant, while imposing a sentence that does not unnecessarily burden state or local government resources. R.C. 2929.11(A); 2929.12(A); 2929.13(A); *Salman* at ¶ 5. "To achieve the purposes of felony sentencing, the court may consider the need for incapacitating the defendant, methods of deterrence, rehabilitation, restitution, the seriousness of the defendant's conduct, and mitigating factors." *Salman* at ¶ 5, citing R.C. 2929.11(A) and 2929.12.

{¶ 8} There is no requirement that the trial court make specific findings to reflect its consideration of applicable statutory factors. *Id.*, citing *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989). "Absent an affirmative showing to the contrary, we

3.

presume the court properly considered the relevant factors set forth in R.C. 2929.11 and 2929.12." *Id.*

{¶ 9} Appellant's argument centers on whether the trial court properly imposed a sentence that was reasonably calculated to achieve the purposes and principles of sentencing. Appellant argues that the sentence imposed by the trial court was excessive as compared to the crime that was committed and based on her attempts to recover from her drug addiction.

{¶ 10} First, we find that appellant's sentence is not contrary to law. The six-month term fell within applicable statutory range for a felony of the fifth degree. R.C. 2929.14. This term is about half as long as the maximum sentence that appellant faced.

{¶ 11} The trial court also properly considered the principles and purposes found in R.C. 2929.11 and 2929.12. The trial court stated on the record and in its journal entry that it considered the purposes and principles of sentencing.

{¶ 12} Appellant argues that the trial court did not properly consider the purposes of sentencing because it did not, in her view, properly balance the principles and purposes of sentencing. Appellant argues that the trial court did not properly consider the purposes of sentencing because appellant is a single mother that was actively seeking help for her drug addiction. Appellant fails to provide any evidence that the trial court did not consider the purposes and principles of sentencing or that the trial incorrectly applied those principles. Appellant merely argues that because of the mitigating factors, appellant should have received a lighter sentence. We cannot find that the trial court did

4.

not properly weigh the factors or failed to impose a sentence that is reasonably calculated to achieve the purposes of sentencing.

{¶ 13} We find that appellant's sentence was supported by the record and that appellant has failed to present clear and convincing evidence to the contrary. Appellant had a history of drug abuse, admitted to the allegations, and was charged with a felony charge that involved the theft of a firearm. Appellant failed to make a showing that the trial court improperly considered the factors in R.C. 2929.11 and 2929.12.

{¶ 14} Therefore, appellant's assignment of error is found not well-taken. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                     JUDGE

Arlene Singer, J.                             

Christine E. Mayle, J.                   _____
CONCUR.                                                      JUDGE

                                                     _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.