[Cite as *State v. Foster*, 2021-Ohio-2063.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-20-1087

    Appellee                              Trial Court No. CR0201902921

v.

Anthony Darnell Foster                    **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 21, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Anthony Foster, appeals the judgment entered by the Lucas

County Court of Common Pleas on April 17, 2020, sentencing him to a term of 8 years in

prison.  For the reasons that follow, we affirm the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following assignment of error:

Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

**Statement of the Case and Relevant Facts**

**{¶ 3}** On November 5, 2019, appellant was indicted on five counts of aggravated arson, including three counts in violation of R.C. 2909.02(A)(1), (B)(1), and (B)(2), all felonies of the first degree, and two counts in violation of R.C. 2909.02(A)(2), (B)(1), and (B)(3), both felonies of the second degree. The charges arose out of events that occurred on September 17, 2018. On April 16, appellant entered a plea of guilty to a single count of aggravated arson in violation of R.C. 2909.02(A)(2), (B)(1), and (B)(3), a felony of the second degree.

**{¶ 4}** In mitigation, appellant, through his attorney, told the trial court that on the date of the offense, he was asked by an individual for a ride, and that it was not until appellant was in the car with this individual that appellant understood why the ride was requested and what was about to happen. Appellant's trial attorney further provided that although appellant has been to prison once, his criminal history is short. He also pointed out that during the lengthy period between the date of the arson and the date of appellant's indictment, appellant did not get into any additional trouble with the law.

**{¶ 5}** Foster apologized to the victim in this case and to the firefighters who were injured in the blaze.

2.

{¶ 6} The victim informed the court that she was home when the house next door to her was set on fire and subsequently exploded, destroying her dwelling and all of her personal possessions. She further stated her belief that appellant and his co-defendant were aware that she was home when they started the fire and caused the explosion. According to the victim, an iron gate barely missed her, but would have cut her in half had she been hit. Ultimately, the explosion in the first house led to the total loss of that house, the victim's house, and a third house.

{¶ 7} The trial court judge viewed a short video of the explosion, including the moments that immediately preceded it. He described the video as depicting two individuals "coming and going[,] carrying what clearly appears to be a gas can."

{¶ 8} The parties stipulated that pursuant to R.C. 2929.71, restitution in the amount of $820.41 would be paid to the Toledo Fire Department for investigative costs. The trial court imposed a prison sentence of eight years, as well as a mandatory term of three years of post-release control. The court also required appellant's registration for the arson database.

## Analysis

{¶ 9} The applicable standard for review of felony sentencing is set forth in R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

3.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21-23; *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16.

{¶ 10} Appellant argues that his sentence should be vacated due to the trial court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12. R.C. 2929.11 addresses the purposes of felony sentencing, and provides as follows:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective

rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

{¶ 11} R.C. 2929.12 addresses factors to be taken into account when imposing a felony sentence. R.C. 2929.12(A) provides:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section

2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [divisions (B) through (F) ] of this section * * * and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

The factors set out in R.C. 2929.12(B) through (F) relate to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any.

{¶ 12} We initially observe that the statutory findings listed in R.C. 2953.08(G)(2)(b) are not relevant to our analysis. Specifically, R.C. 2929.13(B), which applies to cases involving fourth or fifth degree felonies, has no applicability to the sentence for the second degree felony that is at issue in the instant case. Likewise, because the offense in this case does not involve a repeat offender specification or consecutive sentences or judicial release, the court was not required to make findings pursuant to R.C. 2929.14(B)(2)(e) or (C)(4) or R.C. 2929.20(I).

{¶ 13} Because appellant's conviction was for a second degree felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." *See* R.C. 2929.13(D)(1). And because the trial court imposed a prison sentence, the court was not required to make findings pursuant to R.C. 2929.13(D)(2) to overcome that presumption. *See State v. Boyer*, 2d Dist. Clark No. 2018-CA-120, 2019-Ohio-2590, ¶ 9.

6.

{¶ 14} This court has held that a sentence is not clearly and convincingly contrary to law where: "[1] the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, [2] properly applied postrelease control, and [3] imposed a sentence within the statutory range." *State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 16, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 and *Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, at ¶ 15-16.

{¶ 15} A reviewing court may presume from a silent record that the trial court properly considered the principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11. In this case, however, the record is not silent. Instead, the trial court explicitly states in its judgment entry that it considered the principles and purposes of sentencing articulated in R.C. 2929.11, and balanced the factors listed in R.C. 2929.12. Including such language in the sentencing entry "'defeats a claim that the trial court failed to consider statutory sentencing guidelines.'" *See State v. Hutchinson*, 12th Dist. Butler No. CA2018-11-211, 2019-Ohio-2789, ¶ 12, quoting *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9. As this court has observed,

> "[w]hile the phrase 'shall consider' is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender.

7.

Indeed, no specific recitation is required. * * * Merely stating that the court considered the statutory factors is enough."

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.).

{¶ 16} The record in this case clearly and convincingly supports the sentence imposed. Appellant had a number of prior convictions and had previously served time in prison. Although the trial court acknowledged having seen individuals with worse records, it additionally provided that a defendant's prior record is only part of what the trial court considers in determining an appropriate sentence. The trial court also considered the fact that appellant's co-defendant had been sentenced to a prison term of 10 years. Finally, the trial court viewed the video of the explosion, heard the victim's statement that both her house and her belongings were destroyed as a result of the explosion, and heard the victim's claim that she narrowly escaped physical injury herself.

{¶ 17} Appellant argues that the trial court did not impose the minimum sanction necessary to protect the public without imposing an unnecessary burden on state or local government resources. But R.C. 2929.11 clearly recognizes that the "overriding purposes" are not only to protect the public, but also to "punish the offender." Nothing in the statute requires the court to elevate resource conservation above other sentencing factors such as seriousness and recidivism. *State v. Ault*, 6th Dist. Ottawa No. OT-13-037, 2015-Ohio-556, ¶ 7, quoting *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 6. Further, "[w]here the interests of public protection and punishment are well served by a prison sentence, the claim is difficult to make that the prison

8.

sentence imposes an unnecessary burden on government resources." *State v. Bowshier,* 2d Dist. Clark No. 08–CA–58, 2009–Ohio–3429, ¶ 14, citing Ohio Felony Sentencing Law, 2007 Ed. Griffin and Katz, at 966. *Wilson, supra,* at ¶ 6.

{¶ 18} Appellant also contends that the court should have given more weight to the remorse he expressed at sentencing. The court addressed appellant's remorse, saying, "I don't know that I can say that you've truly exhibited genuine remorse for your conduct." The trial court acted within its authority when it reached this conclusion. This court has recognized that the trial court is in the best position to judge the credibility of statements of remorse and is "'not required to believe that [a] defendant is remorseful simply because such statements were made at the sentencing hearing.'" *State v. Moore*, 6th Dist. Lucas No. L-17-1291, 2019-Ohio-1032, ¶ 28, citing *State v. Benore*, 6th Dist. Ottawa No. OT-04-021, 2005-Ohio2944, ¶ 35.

{¶ 19} Lastly, appellant complains that the court should have given more weight to the fact that he was without drug or alcohol dependency issues, on the grounds that this condition renders him a more suitable candidate for community control. We note, however, that appellant's drug and alcohol usage is not a matter of record. At the plea hearing, appellant denied being under the influence of any type of drug that would interfere with his ability to understand the proceedings, but nothing else in the transcripts makes any reference to matters involving drugs, alcohol, addiction, or dependency. Regardless of appellant's actual dependency status, the fact is, any lack of a drug or alcohol dependency did not prevent appellant's involvement in a serious crime, with serious property damage and serious risk of bodily injury to occupants of the destroyed

9.

homes and to first responders.  Therefore, it is the opinion of this court that even if the issue of the lack of drug dependency had been raised, it seems unlikely that it would have affected the trial court's decision to impose a prison sentence in this case.

{¶ 20} A trial court may give whatever weight that it sees fit to apply to each factor, including to the harms suffered by the victim of an offense.  *See* R.C. 2929.12(B)(2); *see also State v. Martin*, 6th Dist. Sandusky No. S-17-021, 2018-Ohio-621, ¶ 18 ("A trial court is not required to give any particular weight or emphasis to a given set of circumstances.").  The trial court could properly have concluded that the harm to the victim in this case outweighed other mitigating factors; in doing so, the court would have had no duty to explain that conclusion. *See Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, at ¶ 11.

{¶ 21} Regarding the imposition of post-release control, we note that the trial court informed appellant before accepting his plea of the length and mandatory nature of this portion of the sentence, as well as of the consequences of violating its terms.  The trial court repeated the same information when sentencing appellant, and, further, incorporated that information into the judgment entry.  Appellant has not identified any deficiency in the trial court's imposition of post-release control, and this court is similarly unable to discern any lack of statutory compliance on the part of the trial court.

{¶ 22} The sentencing range for the second degree felony in this case was two, three, four, five, six, seven, or eight years.  *See* R.C. 2929.14(A)(2)(b).  Appellant's sentence of eight years was clearly within the legal range.

10.

**{¶ 23}** For all of the foregoing reasons, we find that appellant's sentence complied with the applicable law. Accordingly, appellant's assignment of error is found not well-taken. We affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.