[Cite as *State v. Peck*, 2016-Ohio-1578.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-06-123 |
| | : | O P I N I O N |
| - vs - | | 4/18/2016 |
| | : | |
| KYLE M. PECK, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-10-1589


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Kyle M. Peck, appeals from his sentence in the Butler County Court of Common Pleas for aggravated burglary. For the reasons set forth below, we affirm.

{¶ 2} In November 2014, Peck was indicted on charges of aggravated burglary, robbery, theft from an elderly person or disabled adult, and assault. The charges arose following an incident that occurred on October 6, 2014, in Middletown, Ohio, wherein Peck

and two codefendants trespassed in an occupied home in order to steal a flat-screen television, a coffee can containing change, and a checkbook. In the process of committing the theft offense, the occupant of the home, an elderly man, was assaulted.

{¶ 3} On May 18, 2015, Peck pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, in exchange for the remaining charges being dismissed. A sentencing hearing was held on June 22, 2015, where the elderly victim made a statement and the court heard mitigation evidence from Peck and his counsel. Thereafter, the court imposed a six-year prison term, with jail-time credit for 260 days, and advised Peck that postrelease control was mandatory for a period of five years.

{¶ 4} Peck timely appealed his sentence, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED TO [PECK'S] PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 6} In his sole assignment of error, Peck argues the trial court erred by imposing a six-year prison sentence without considering at the sentencing hearing the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, respectively. Peck further argues his sentencing hearing was "superficial" as the court did not discuss "his amenability to available community control and whether * * * [he] had rebutted the presumption in favor of prison." Finally, Peck contends that given his expressed remorse and the fact that he "is significantly less culpable than his co-defendants," a six-year prison term was improper and an abuse of the trial court's discretion.

{¶ 7} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence

- 2 -

that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Id.* at ¶ 7, quoting R.C. 2953.08(G)(2). *See also Marcum* at ¶ 1, 9. An appellate court "may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10. Rather, R.C. 2953.082(G)(2) compels an appellate court to modify or vacate a sentence only if the court finds by clear and convincing evidence that (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). *Marcum* at ¶ 22-23. An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 107.

{¶ 8} Peck was convicted of aggravated burglary, a felony of the first degree. R.C. 2929.13(D)(1) provides that for a felony of the first degree, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under R.C. 2929.11. Notwithstanding this presumption, R.C. 2929.13(D)(2) provides that a court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first degree if it makes both of the following findings:

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a

- 3 -

lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

**{¶ 9}** Having reviewed the record, we find the trial court's decision to impose a prison sentence rather than community control sanctions was not clearly and convincingly contrary to law. The record reflects the trial court considered the principles and purposes of sentencing before determining that a prison term, rather than community control sanctions, was appropriate in this case. Although the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing, the trial court specifically stated in the sentencing entry that it had

> considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and [found] that the defendant is not amenable to an available community control sanction.

This court has previously determined that such language in the judgment entry defeats a claim that the trial court failed to consider statutory sentencing guidelines. *See State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9; *State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665, ¶ 4.

**{¶ 10}** Additionally, the record from the sentencing hearing indicates that the trial court considered and discussed information relevant to R.C. 2929.11 and 2929.12, including the

nature of the crime and the harm done to the victim. When the victim spoke at the sentencing hearing about the harm he suffered, the trial court specifically inquired about Peck's role. The court asked, "Did [Peck] hurt you?" and "So as far as you know, [Peck] didn't touch you and he didn't walk out with any of your possessions?" The victim replied that Peck "didn't do as much as [the codefendants] did. He wasn't in the house very long and he's a better guy than the other two are." The victim was not sure, however, whether Peck had "touched" him as he had been "knocked out twice" during the burglary.

{¶ 11} The court also considered Peck's culpability relative to his codefendants' culpability. Although Peck contends the trial court should have imposed a shorter prison term because he was remorseful for his actions and was "significantly less culpable than his co-defendants according to the victim," we find no error in the imposition of a six-year prison term. The trial court took Peck's "less culpable" behavior into account in imposing his prison sentence, stating that "[i]f it hadn't been for the [victim] here, you would have been going for seven years same as everybody else is doing."

{¶ 12} Therefore, based on the record before us, we conclude the trial court gave proper consideration to the purposes and principles of sentencing as well as the seriousness and recidivism factors as required by Ohio's sentencing statutes before imposing a prison term on Peck. As the trial court also sentenced Peck within the sentencing range for a first-degree felony in accordance with R.C. 2929.14(A)(1) and properly imposed postrelease control, we find that Peck's six-year prison term is not clearly and convincingly contrary to law. Peck's sole assignment of error is, therefore, overruled.

{¶ 13} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.