[Cite as *State v. Spencer*, 2019-Ohio-2160.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-202 |
| | : | O P I N I O N |
| - vs - | | 6/3/2019 |
| | : | |
| CLARENCE C. SPENCER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-03-0472

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, 300 High Street, Hamilton, Ohio 45011, for appellee

Christopher Paul Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1}  Appellant, Clarence C. Spencer, appeals the decision of the Butler County Court of Common Pleas sentencing him to serve two concurrent 12-month prison terms for violating the conditions of his community control.  For the reasons outlined below, we affirm.

{¶ 2}  On June 26, 2014, Spencer pled guilty to possession of heroin, aggravated possession of drugs, and petty theft.  Pursuant to the bill of particulars, the charges arose

after Spencer stole his neighbor's purse and was thereafter found in possession of heroin and oxycodone. After engaging Spencer in the necessary plea colloquy, the trial court accepted Spencer's guilty plea upon finding the plea was knowingly, intelligently, and voluntarily entered.

{¶ 3} On August 14, 2014, the trial court sentenced Spencer to 80 days in jail for petty theft and five years of community control each for possession of heroin and aggravated possession of drugs. There is no dispute that the conditions of Spencer's community control required him to obey all federal, state, and local laws and ordinances, as well as to "follow all rules and regulations regarding [any] treatment facilities" he was ordered to attend. There is also no dispute that the trial court advised Spencer that a violation of his community control subjected him a potential 30-month prison term – 18 months for possession of heroin and 12 months for aggravated possession of drugs. The trial court's sentencing entry included this same advisement.

{¶ 4} On July 29, 2015, the trial court issued a sentencing entry finding Spencer violated the conditions of his community control after he was convicted of domestic violence. However, instead of sentencing Spencer to prison, the trial court continued the conditions of Spencer's community control and further required Spencer to complete corrective thinking and domestic violence classes at Community Behavioral Health. Just like it had done before, there is no dispute that the trial court advised Spencer that a violation of his community control subjected him to a potential 30-month prison term – 18 months for possession of heroin and 12 months for aggravated possession of drugs. The same is true regarding the trial court's judgment entry.

{¶ 5} On October 26, 2018, the trial court issued another sentencing entry finding Spencer violated the conditions of his community control after he was convicted of tampering with evidence, possession of drugs, and possession of weapons while under

disability. The trial court also found Spencer violated the conditions of his community control due to his unsuccessful discharge from his corrective thinking and domestic violence classes at Community Behavioral Health. But, unlike before where his community control was continued with further conditions, the trial court revoked Spencer's community control and sentenced him to serve two concurrent 12-month prison terms.

{¶ 6} Spencer now appeals from the trial court's sentencing decision, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED MR. SPENCER TO CONCURRENT TERMS OF 12 MONTHS IN ODRC.

{¶ 8} In his single assignment of error, Spencer argues the trial court erred by sentencing him to serve two concurrent 12-month prison terms for violating the conditions of his community control. We disagree.

{¶ 9} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported

by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 10} Spencer initially argues the trial court's sentencing decision does not align with the purposes and principles of felony sentencing in that it "goes beyond" the punishment that was necessary. Spencer instead argues the trial court should have continued the conditions of his community control so that he could seek further treatment outside of the prison system. Spencer believes that allowing him to remain on community control – rather than sentencing him to prison – would have been sufficient punishment for him again violating the conditions of his community control. Therefore, because the trial court had an "option" other than sentencing him to prison, Spencer argues the trial court's sentencing decision was contrary to law and not supported by the record.

{¶ 11} After a simple review of the record, we find nothing improper in the trial court's sentencing decision. The trial court sentenced Spencer to five years of community control on the charges of possession of heroin and aggravated possession of drugs. There is no dispute that the conditions of Spencer's community control required him to obey all federal, state, and local laws and ordinances, as well as to "follow all rules and regulations regarding [any] treatment facilities" he was ordered to attend. There is also no dispute that the trial court advised Spencer that a violation of his community control subjected him a potential 30-month prison term – 18 months for possession of heroin and 12 months for aggravated possession of drugs. Spencer nevertheless twice violated the conditions of his community control by committing several additional offenses and by being unsuccessfully discharged from his corrective thinking and domestic violence classes at Community Behavioral Health.

{¶ 12} The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 after considering the serious and recidivism factors listed in R.C. 2929.12. Those purposes and principles

are (1) to protect the public from future crime by the offender and others, (2) to punish the offender, and (3) to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. The trial court properly exercised its discretion by finding sentencing Spencer to two concurrent 12-month prison terms was the minimum sanction necessary to accomplish those stated purposes and principles. This is true despite the fact that the trial court had an "option" other than sentencing Spencer to prison. Spencer's claim otherwise lacks merit.

{¶ 13} Spencer also argues the trial court's sentencing decision must be reversed because the trial court failed to give proper consideration to the principles and purposes of felony sentencing as set forth in R.C. 2929.11 or the serious and recidivism factors listed in R.C. 2929.12. Spencer cites nothing in the record to support this argument. Pursuant to App.R. 16(A)(7), Spencer was required to include in his brief "citations to the authorities, statutes, and parts of the record" on which he relies to support his position. It is not this court's duty "to search the record for evidence to support an appellant's arguments as to any alleged error on appeal." *State v. Doty*, 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 25, citing *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ 14} But, even if Spencer did properly cite to the record, the record indicates the trial court specifically stated that it had "considered the purposes and principles of sentencing, weight of recidivism, and the seriousness factors" at the sentencing hearing prior to issuing its sentencing decision. The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial when considering the trial court cited to both statutes within its sentencing entry. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 11.

{¶ 15} As the trial court stated within its sentencing entry:

> Defendant's sentencing hearing was held pursuant to Ohio Revised Code Section 2929.19. Defendant was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, any victim impact statement, presentence report prepared and Probation violation Report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors [in] Ohio Revised Code Section 2929.12.

{¶ 16} Including this language in the sentencing entry "defeats a claim that the trial court failed to consider statutory sentencing guidelines." *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9.

{¶ 17} In light of the foregoing, the trial court did not err by sentencing Spencer to serve two concurrent 12-month prison terms for violating the conditions of his community control. That is to say the trial court's sentencing decision was not contrary to law or unsupported by the record. Therefore, finding no merit to any of the arguments raised herein, Spencer's single assignment of error lacks merit and is overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.