[Cite as *State v. Hutchinson*, 2019-Ohio-2789.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-211 |
| | : | O P I N I O N |
| - vs - | | 7/8/2019 |
| | : | |
| JOHN J. HUTCHINSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-05-0880

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher Paul Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, John J. Hutchinson, appeals the decision of the Butler County Court of Common Pleas sentencing him to serve 17 months in prison after he pled guilty to one count of assault of a peace officer. For the reasons outlined below, we affirm the trial court's sentencing decision.

{¶ 2} On August 3, 2018, Hutchinson pled guilty to one count of assault of a peace

officer. The charges arose after Hutchinson elbowed and repeatedly punched a police officer in the face during an altercation at a public utilities' office in the presence of both his fiancé and his young child. After engaging Hutchinson in the necessary plea colloquy, the trial court accepted Hutchinson's guilty plea. Upon accepting Hutchinson's guilty plea, the trial court then sentenced Hutchinson to serve 17 months in prison with 152 days of jail-time credit. The trial court also ordered Hutchinson to pay a fine of $500 and notified Hutchinson he would subject to an optional postrelease control term of up to three years upon his release from prison.

{¶ 3} Hutchinson now appeals the trial court's sentencing decision, raising the following single assignment of error for review.

{¶ 4} THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED MR. HUTCHINSON TO A TERM OF 17 MONTHS IN ODRC.

{¶ 5} In his single assignment of error, Hutchinson argues the trial court erred by sentencing him to serve 17 months in prison. We disagree.

{¶ 6} As with all felony sentences, we review the trial court's sentencing decision under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly

and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 7} Hutchinson argues the trial court's sentencing decision must be reversed because the sentence imposed does not align with the purposes and principles of felony sentencing. Hutchinson also argues the trial court's sentencing decision was improper because it was not commensurate with the seriousness of his conduct. Hutchinson supports this argument by noting the allegations set forth during mitigation that he had suffered significant physical abuse as a child, as well as purported life-threatening injuries after he was hit by a car in the summer of 2002. Hutchinson also notes the fact that he had already served 152 days in jail prior to the sentencing hearing, that he showed genuine remorse for his conduct by entering a guilty plea, and that the police officer he assaulted was not seriously injured. Therefore, because he had been plagued by various issues throughout his life, and because the police officer he assaulted did not suffer serious physical harm, Hutchinson argues the trial court's sentencing decision was not supported by the record.

{¶ 8} Contrary to Hutchinson's claim, we find nothing improper in the trial court's sentencing decision. The trial court had discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 after considering the serious and recidivism factors listed in R.C. 2929.12. Those purposes and principles are (1) to protect the public from future crime by the offender and others, (2) to punish the offender, and (3) to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. The trial court properly exercised its discretion by finding a 17-month prison sentence was the minimum sanction

necessary to accomplish those purposes and principles in light of the crime charged. This is true despite the fact that the trial court had the option of sentencing Hutchinson to a shorter prison term or to a period of community control.

{¶ 9} It is clear that Hutchinson disagrees with the trial court's decision in determining the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11. It is also clear that Hutchinson disagrees with the trial court's analysis and balancing of the seriousness and recidivism factors in R.C. 2929.12. However, rather than this court, it is the trial court that, "in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The fact that the trial court chose to weigh the various sentencing factors differently than how Hutchinson would have liked does not mean the trial court erred in imposing Hutchinson's sentence. *State v. Liming*, 12th Dist. Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 33, citing *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 17. Hutchinson's claim otherwise lacks merit.

{¶ 10} Hutchinson also argues the trial court's sentencing decision must be reversed because the trial court failed to give proper consideration to either the principles and purposes of felony sentencing as set forth in R.C. 2929.11 or the serious and recidivism factors listed in R.C. 2929.12. Hutchinson cites nothing in the record to support his argument. *See* App.R. 16(A)(7) (appellant must include in his or her brief "citations to the authorities, statutes, and parts of the record on which appellant relies"). However, even if he did, the record indicates the trial court considered the necessary sentencing statutes prior to issuing its sentencing decision. For instance, as the trial court stated during Hutchinson's sentencing hearing:

Defense counsel has done a very good job in mitigating on behalf of his client and presenting things and in construing the statutes – the various statutes in the way most favorable to his client. But I will just say, I'm not going to go through all of the factors – the recidivism and the seriousness factors. But I think that some of those have been construed in a way that I wouldn't construe them necessarily. And I wouldn't look at them as favorably as Defense counsel has presented those factors to the Court.

{¶ 11} The trial court also stated:

All right. I have considered the record. I've considered the overriding purposes of felony sentencing which are to protect the public from future crime and to punish the offender using the minimum sanctions needed to accomplish the purposes without imposing an unnecessary burden on the state or local government resources. I have considered the seriousness and the recidivism factors set forth in the statutes. I do construe those a little bit differently than as they were presented by Defense counsel. I have considered the information contained in the pre-sentence investigation report and any impact statement. And I have seen things in writing from [the victim], his perspective of things.

{¶ 12} The record indicates that the trial court did not specifically cite to either R.C. 2929.11 or 2929.12 prior to issuing its sentencing decision. However, as this court has stated previously, the fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial when considering the trial court cited to both statutes within its sentencing entry. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 11. Such is the case here. As the trial court stated within its sentencing entry:

The Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amenable to any available community control sanction.

Including this language in the sentencing entry "defeats a claim that the trial court failed to consider statutory sentencing guidelines." *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9.

{¶ 13} Despite Hutchinson's claims otherwise, the trial court did not err by sentencing Hutchinson to serve 17 months in prison after he pled guilty to assault of a peace officer. That is to say the trial court's sentencing decision was not contrary to law or unsupported by the record. This is particularly true here when considering Hutchinson's extensive criminal history. This includes convictions in California for having sexual intercourse with a minor, "oral copulation" with a person under the age of 18, and "lewd acts with a child."[1] The record indicates Hutchinson then twice violated his probation resulting from these convictions. Therefore, finding no error in the trial court's sentencing decision, Hutchinson's single assignment of error lacks merit and is overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.

---

1. Hutchinson had a number of other charged offenses in both California and New Mexico. These charges included battery of a police officer, sex with a minor, burglary, and two counts of child abuse. For reasons unknown, the disposition of these charges could not be discovered during the presentence investigation conducted prior to sentencing.