[Cite as *State v. Murphy*, 2021-Ohio-4541.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-05-048 |
| | : | O P I N I O N |
| - vs - | | 12/27/2021 |
| | : | |
| MASTON L. MURPHY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-01-0050

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**HENDRICKSON, J.**

{¶ 1}   Appellant, Maston L. Murphy, appeals from his conviction and sentence in the Butler County Court of Common Pleas following his guilty plea to aggravated arson.  For the reasons discussed below, we affirm in part, reverse in part, and remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

{¶ 2}   On February 10, 2021, appellant was indicted on four counts of aggravated

arson in violation of R.C. 2909.02(A)(1), felonies of the first degree, and one count of arson in violation of R.C. 2909.03(A)(1), a felony of the fourth degree. The charges arose out of allegations that on or about January 1, 2021, appellant set fire to a vehicle parked near his wife's home. The fire spread to the home, where appellant's wife, two children, and another male were staying, thereby exposing them to a substantial risk of serious physical harm.

{¶ 3} Appellant initially pled not guilty to the offenses. However, on March 24, 2021, following plea negotiations, appellant pled guilty to one count of aggravated arson, as it related to his wife, in exchange for the state dismissing the remaining charges. The trial court engaged appellant in a Crim.R. 11(C)(2) colloquy and accepted appellant's guilty plea after finding the plea had been knowingly, intelligently, and voluntarily entered. On April 29, 2021, appellant was sentenced to an indefinite prison term of 10 to 15 years and was advised that he would be subject to a mandatory five-year period of postrelease control upon his release. Appellant was further advised that he had to register as an arson offender on the arson registry for the remainder of his life. The court's sentencing entry ordered appellant to pay the "[c]osts of prosecution, supervision and any supervision fees permitted pursuant to Revised Code Section 2929.18(A)(4)."

{¶ 4} Appellant now appeals from his conviction and sentence, raising five assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE GUILTY-PLEA COLLOQUY VIOLATED RULE 11(C)(2).

{¶ 7} In his first assignment of error, appellant argues his guilty plea was not knowingly, intelligently, and voluntarily entered because he did not understand the nature of the charge to which he pled guilty.

{¶ 8} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement

of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128, ¶ 10, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. The rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). This requires the trial court to notify the defendant of the constitutional rights identified in Crim.R. 11(C)(2)(c) and to make the required determinations and give the necessary warnings set forth in Crim.R. 11(C)(2)(a) and (b). *Bishop* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 13.

{¶ 9} Specifically, Crim.R. 11(C)(2) provides that, in felony cases, the trial court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest, without first addressing the defendant personally and doing the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, "the Ohio Supreme

Court addressed a trial court's compliance with Crim.R. 11(C) and the method of reviewing a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered." *State v. Broughton*, 12th Dist. Clinton No. CA2020-09-011, 2021-Ohio-2987, ¶ 16. As the Ohio Supreme Court explained, aside from two exceptions, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16. The first exception occurs "[w]hen a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. When this occurs, "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* The second exception occurs as a result of "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)[.]" (Emphasis sic.) *Id.* at ¶ 15. This, too, "eliminates the defendant's burden to show prejudice." *Id.* Therefore, as set forth in *Dangler*, the questions to be answered when reviewing a trial court's plea colloquy under Crim.R. 11(C) are threefold:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 11} Appellant contends the trial court failed to comply with Crim.R. 11(C)(2)(a) as the court failed to ensure appellant understood the nature of the charge. In support of his argument, appellant notes that the state did not provide a recitation of the facts at the plea hearing and the trial court did not engage in a "meaningful discussion" of the elements of aggravated arson during the plea colloquy, including the mens rea element of "knowingly" and the element of creating a substantial risk of serious harm. Appellant's arguments are similar to the arguments made by the defendant in *State v. Fitzpatrick*, 102 Ohio St.3d 321,

2004-Ohio-3167.

{¶ 12} In *Fitzpatrick*, the defendant pled guilty to two counts of aggravated murder and one count of aggravated murder of a child and was sentenced to death *Id.* at ¶ 30, 32. He appealed to the Ohio Supreme Court, arguing that his guilty plea was not knowing and intelligent because the court failed to comply with Crim.R.11(C)(2)(a) by neglecting to ensure that he understood the nature of the charges. *Id.* at ¶ 55. The defendant claimed that "the trial court should have explained to him the legal definitions of 'purposely' and 'prior calculation and design.'" *Id.* The supreme court rejected the defendant's arguments, noting that "'a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a)'" *Id.* at ¶ 57, quoting *State v. Swift*, 86 Ohio App.3d 407, 412 (11th Dist.1993). "Moreover, the Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused." *Id.* After all, "'[a]part from the small class of rights that require specific advice from the court under Rule 11(C)(2)(c), it is the responsibility of defense counsel to inform the defendant of * * * the attendant statutory and constitutional rights that a guilty plea would forgo.'" *Id.*, quoting *Libretti v. United States*, 516 U.S. 29, 50-51, 116 S.Ct. 356 (1995).

{¶ 13} The court noted that "[i]n determining whether a defendant understood the charge, a court should examine the totality of the circumstances." *Id.* at ¶ 56, citing *Henderson v. Morgan*, 426 U.S. 637, 644, 96 S.Ct. 2253 (1976). In *Fitzpatrick*, the record contained a representation by defense counsel that counsel had explained the charges to the defendant. *Id.* at ¶ 58. Specifically, at the end of the defendant's written guilty plea form, which was signed by defense counsel, counsel attested: "We have explained to the defendant, STANLEY L. FITZPATRICK, prior to his signing this plea, the charge(s) in the indictment, the penalties therefore [sic] and his constitutional rights in this case." *Id.*

- 5 -

Additionally, the defendant himself, both in the written plea and during his colloquy with the trial court, indicated that he had spoken with his counsel and understood the charges against him. *Id.* at ¶ 59. As the supreme court noted,

> Fitzpatrick asserted that he had graduated from high school and could read without any problem. He also agreed that he had talked to his attorneys about the case for "many, many hours." The written plea states: "I understand the nature of the charges against me in the Indictment and the possible defenses I might have," and "I understand the nature of the charges to which I plead guilty." During the colloquy, the presiding judge asked: "[D]o you understand the charges against you?" Fitzpatrick said, "Yes." The judge asked: "Do you want all or any part of any of the charges against you explained in any way?" Fitzpatrick said, "No."

*Id.* As the record of the plea hearing contained express representations by the defendant and his counsel that the nature of the charges had been explained to him and that he understood them, the trial court found no merit to appellant's claim that his plea had not been knowingly or intelligently entered. *Id.* at ¶ 62.

{¶ 14} The present case is similar to *Fitzpatrick*, in that the totality of the circumstances demonstrate the nature of the aggravated arson charge had been explained to appellant and that he understood the charge. Like the defendant in *Fitzpatrick*, appellant indicated at the plea hearing that he had graduated from high school and was able to read and understand the English language. When asked by the court, appellant indicated he read the front and back pages of the Guilty Plea and Jury Waiver form, that he had gone over the form carefully with his defense counsel, and that his defense counsel answered all the questions he had before he signed the form. The plea form contains a provision wherein appellant attests, "I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence." This form was signed by both appellant and his defense counsel.

{¶ 15} During the plea hearing, the trial court discussed its understanding of the plea

agreement reached by the parties, stating, "My understanding, Mr. Murphy, [is] that you wish to enter a plea of guilty, change your plea from not guilty to guilty on Count I, charge of aggravated arson. * * * Charge of aggravated arson, violation of 2929.02(A)(1). Sir, that's a felony of the first degree." After explaining its understanding of the plea agreement, the court questioned appellant, "You understand what you're charged with here?" Appellant responded, "Yes, sir." A few moments later, the court again asked appellant, "You told me that you understand the charge, right?" Appellant again responded, "Yes, sir." The court then questioned appellant, "You have any questions?" Appellant stated, "No, sir." Appellant then pled guilty to aggravated arson as set forth in count one of the indictment, with the court stating it was "satisfied Mr. Murphy understands the charge, possible penalties."

{¶ 16} Appellant never expressed any confusion about the aggravated arson offense he was pleading guilty to and never made any statements denying any of the elements of the charge.[1] Based on the totality of the circumstances, it is apparent that appellant, like the defendant in *Fitzpatrick*, understood the nature of the charge to which he pled guilty.

{¶ 17} In light of the supreme court's decision in *Fitzpatrick*, we answer the first question posed by *Dangler* – has the trial court complied with the relevant portion of the rule – in the affirmative. The record indicates the trial court fully complied with Crim.R. 11(C)(2)(a) by determining that the defendant made the plea voluntarily, with understanding of the nature of the charges. A detailed recitation of the elements of the charge was not

---

1. Compare the facts of this case and the *Fitzpatrick* case to the facts in *State v. Swift*, 86 Ohio App.3d 407 (11th Dist.1993), the case cited and relied upon by appellant. In *Swift*, the Eleventh District Court of Appeals invalidated a defendant's guilty plea because the defendant's statements at the plea hearing implied that he failed to understand the "force" element of a rape charge. *Swift* at ¶ 412-413. The court in *Swift* held that in such a situation, the trial court was obligated to clear up the defendant's confusion. *Id.* at 413. Unlike in *Swift*, nothing appellant stated during the plea hearing indicated he did not understand the elements or charge of aggravated arson. As such, there was nothing for the trial court to clear up with appellant. *Swift* is distinguishable and inapplicable to the case at hand. *See Fitzpatrick* at ¶ 61-62 (also finding *Swift* distinguishable and inapplicable).

required.  *See Fitzpatrick* at ¶ 57.  Furthermore, the trial court's acceptance of the guilty plea under Crim.R. 11(C)(2) did not require that the court establish a factual basis for the guilty plea before entering a conviction.  *See State v. Smith*, 12th Dist. Warren Nos. CA2019-10-113 and CA2019-11-121, 2020-Ohio-3074, ¶ 19; *State v. Turpin*, 12th Dist. Warren No. CA86-02-014, 1986 Ohio App. LEXIS 9565, *9 (Dec. 31, 1986); *State v. Dickey*, 7th Dist. Carroll No. 03 CA 794, 2004-Ohio-3198, ¶ 13.  "This is because, pursuant to Crim.R. 11(B)(1), a guilty plea is a complete admission of the defendant's guilt," and by pleading guilty, the defendant admits guilt to the substantive crimes charged in the indictment.  *Smith* at ¶ 19.  Accordingly, we find that the trial court's plea colloquy complied with the requirements of Crim.R. 11(C)(2) and that appellant entered his guilty plea with an understanding of the nature of the charges.

{¶ 18} However, even if the trial court had not fully complied with Crim.R. 11(C)(2)(a), the type of error appellant complains of is not one that excuses appellant from demonstrating prejudice.  The record reveals that there was not a complete failure to comply with Crim.R. 11(C)(2)(a) as the court questioned appellant's understanding of the nature of the charge during the plea hearing.  As a result, appellant would need to demonstrate he was prejudiced by the trial court's failure to more fully explain the aggravated arson charge.

{¶ 19} "The test for prejudice is whether the plea would have otherwise been made." *Dangler*, 2020-Ohio-2765 at ¶ 16.  "Prejudice must be established 'on the face of the record.'"  *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 26.  Therefore, for appellant to demonstrate prejudice, he must show, based on the face of the record, that he would not have entered a guilty plea to aggravated arson if he had been more fully advised of the nature of the charge.

{¶ 20} Appellant has not set forth any argument in his appellate brief as to prejudice. From the face of the record, we see no indication that appellant would not have entered a

guilty plea had he been more thoroughly informed of the nature of the aggravated arson charge. By accepting the state's plea bargain and pleading guilty to one count of aggravated arson, appellant benefited from the dismissal of three first-degree felony offenses and the dismissal of a fourth-degree felony offense. Given these facts, appellant has not established prejudice and he is not entitled to have his guilty plea vacated for a failure to comply with Crim.R. 11(C)(2)(a).

{¶ 21} Appellant's first assignment of error is, therefore, overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT FAILED TO IDENTIFY AND APPLY THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING, THE AGGRAVATING AND MITIGATING FACTORS, AND THE RECIDIVISM FACTORS.

{¶ 24} In his second assignment of error, appellant argues his sentence is contrary to law as the trial court "failed to say its sentence would be guided by the principles and purposes of felony sentencing under R.C. 2929.11 and .12." Appellant contends the court's reference to R.C. 2929.11 and 2929.12 in the sentencing entry was insufficient to show the court's consideration of the relevant statutory provisions during the sentencing hearing.

{¶ 25} R.C. 2953.08(G)(2) governs appellate review of felony sentences. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if it finds, by clear and convincing evidence, "'the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and

sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 26} When reviewing a felony sentence, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. The record must merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision. *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50.

{¶ 27} Appellant contends that the record does not reflect the trial court's consideration of R.C. 2929.11 and 2929.12 factors because the statutes were not explicitly referenced by the court at the sentencing hearing. However, as this court has previously recognized, "a trial court is not required to expressly cite to R.C. 2929.11 or 2929.12 at the sentencing hearing." *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 43. The fact that R.C. 2929.11 and 2929.12 are not expressly referenced during a sentencing hearing is immaterial when the trial court's sentencing entry cites to both statutes. *See State v. Hutchinson*, 12th Dist. Butler No. CA2018-11-211, 2019-Ohio-2789, ¶ 12; *State v. Spencer*, 12th Dist. Butler No. CA2018-10-202, 2019-Ohio-2160, ¶ 14-15. Such is the case here, where the trial court specifically stated in its sentence entry that

> [t]he Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, *as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12* and whether or not community control is appropriate pursuant to Ohio Revised Code Section 2929.13, and finds that the defendant is not amenable to an available community control sanction.

(Emphasis added.) Inclusion of the foregoing language in the sentencing entry "'defeats a claim that the trial court failed to consider statutory sentencing guidelines.'" *Hutchinson* at ¶ 12, quoting *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9.

{¶ 28} Accordingly, despite appellant's claims otherwise, the trial court did not err in imposing an indefinite prison term of 10 to 15 years on appellant's aggravated arson conviction. The record reflects that the trial court considered the principles and purposes of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and the sentence fell within the permissible statutory range for a felony of the first degree. Appellant's sentence is not contrary to law and his second assignment of error is overruled.

{¶ 29} Assignment of Error No. 3:

{¶ 30} [APPELLANT'S] AGGRAVATED ARSON CONVICTION DID NOT CARRY A MANDATORY PRISON SENTENCE.

{¶ 31} In his third assignment of error, appellant argues the trial court erred by sentencing him to a mandatory prison sentence for aggravated arson. The state has conceded this error occurred and requests the error be fixed with the issuance of a nunc pro tunc entry.

{¶ 32} As previously stated, appellant was sentenced to an indefinite prison term of 10 to 15 years for his aggravated arson conviction. The trial court listed appellant's sentence as "mandatory" in its sentencing entry. However, appellant's conviction for aggravated arson was a felony of the first degree that carried a presumption of prison. R.C. 2929.13(D)(1). The sentence was not mandatory, as none of the circumstances outlined in R.C. 2929.13(F) or 2929.01(X) applied.

{¶ 33} Though the trial court's sentencing entry imposed an indefinite mandatory prison term 10 to 15 years, during the sentencing hearing, the trial court did not classify the

indefinite aggravated arson sentence as mandatory. The trial court's sentencing entry therefore contains a clerical error that may be corrected through the issuance of a nunc pro tunc entry. *See State v. Merriweather*, 12th Dist. Butler No. CA2016-04-077, 2017-Ohio-421, ¶ 61 (finding issuance of nunc pro tunc entry to remove the world "mandatory" from the court's sentencing entry was appropriate where the court did not impose a mandatory prison term during sentencing). The trial court's corrected entry will then reflect what the court actually decided at the sentencing hearing – that the indefinite prison term of 10 to 15 years was not mandatory.

{¶ 34} Appellant's third assignment of error is sustained and the matter is remanded to the trial court for the sole purpose of issuing a nunc pro tunc entry to remove the world "mandatory" from the court's sentence on appellant's aggravated arson conviction.

{¶ 35} Assignment of Error No 4:

{¶ 36} THE REAGAN TOKES SENTENCE IS UNCONSTITUTIONAL.

{¶ 37} In his fourth assignment of error, appellant seeks to challenge the constitutionality of Ohio's indefinite sentencing structure, commonly known as the Reagan Tokes Law, as set forth in R.C. 2967.271. Appellant contends that the imposition of an indefinite sentence violates procedural due process.

{¶ 38} It is undisputed that appellant did not raise a challenge to the constitutionality of the Reagan Tokes Law with the trial court. As this court has repeatedly held, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court." *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7, citing *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; and *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8-9.

{¶ 39} Given this court's precedent declining to hear any arguments challenging the constitutionality of the Reagan Tokes Law in cases where the issue was not first raised with the trial court, appellant's fourth assignment of error is overruled.[2]

{¶ 40} Assignment of Error No. 5:

{¶ 41} [APPELLANT] WAS SENTENCED TO CONFINEMENT AND NOT SUPERVISION. SO THE TRIAL COURT'S ORDER FOR PAYMENT OF SUPERVISION COSTS WAS UNLAWFUL.

{¶ 42} In his final assignment of error, appellant contends the trial court erred by ordering that he pay the costs of supervision and any supervision fees permitted under R.C. 2929.18(A). Appellant maintains that because he was sentenced to a prison term, rather than supervised community control, it was error for the trial court to order him to pay for "a non-existent sanction."

{¶ 43} We recently addressed an identical argument in *State v. Patterson*, 12th Dist. Butler No. CA2021-01-004, 2021-Ohio-3959, ¶ 15, and ultimately found that supervision costs were authorized under R.C. 2929.18(A) "in conjunction with postrelease control." We noted that

> [u]nder R.C. 2929.18(A), the court imposing sentence upon a felony offender may sentence the offender to "any financial sanction or combination of financial sanctions authorized under this section * * *." Included among those authorized financial sanctions is "*any or all* of the costs of sanctions incurred by the government." (Emphasis added.) R.C. 2929.18(A)(5)(a). The statute goes on to list some examples of such sanctions, including the costs of implementing any community control sanction, including a supervision fee, the costs of confinement, and the costs related to an immobilizing device. R.C. 2929.18(A)(5)(a)(i),(ii), and (iii). However, as stated, these are

---

2. We note that even if appellant had not forfeited his challenge to the constitutionality of the Reagan Tokes Law, this court has already determined that R.C. 2967.271 does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 15; *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 10; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.

examples. The language in the statute does not preclude a court from imposing other costs of sanctions incurred by the government. Supervision fees related to postrelease control are within the ambit of "any or all of the costs of sanctions incurred by the government." R.C. 2929.18(A).

*Id.*

{¶ 44} For the reasons expressed in *Patterson*, we find that the trial court did not err in imposing supervision costs. Appellant's fifth assignment of error is, therefore, overruled.

{¶ 45} Judgment affirmed in part, reversed in part, and the matter remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing entry.

S. POWELL, P.J., and BYRNE, J., concur.