[Cite as *State v. Manns*, 2022-Ohio-1629.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-134 |
| | : | O P I N I O N |
| - vs - | | 5/16/2022 |
| | : | |
| MICHAEL A. MANNS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2021-05-0694

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Michael A. Manns, appeals the sentence he received in the Butler County Court of Common Pleas following his guilty plea to unlawful sexual conduct with a minor. For the reasons discussed below, we affirm his 36-month prison sentence.

{¶2} On June 2, 2021, appellant was indicted on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree. The

charges arose following allegations that appellant, then 36 years old, engaged in sexual conduct with the victim, a 15-year-old girl who was the daughter of one of his coworkers, after having contact with the victim on Facebook.

{¶3} On September 16, 2021, following plea negotiations, appellant pled guilty to one count of unlawful sexual conduct with a minor in exchange for the other count being dismissed. The trial court engaged appellant in a Crim.R. 11(C)(2) colloquy and accepted appellant's guilty plea after finding the plea had been knowingly, intelligently, and voluntarily entered. The trial court ordered a presentence-investigative report ("PSI") and set the matter for sentencing.

{¶4} At the October 28, 2021 sentencing hearing, the trial court heard from defense counsel, appellant, and the state. Defense counsel contended a community control sanction or, alternatively, a minimum prison sentence was appropriate as appellant had no prior felony record, the offense was less serious as the victim was only 15 days shy of her 16th birthday, appellant had not used a position of power or authority to commit the crime, and appellant had not been the one to "initiate the situation but [he] did take responsibility" for his actions. Appellant then apologized, stating, "I do apologize for what happened. It was a mistake. It was reckless on my behalf. Should have never happened. And I wish she had never lied about her age."

{¶5} The state argued a prison sentence was warranted. Referencing appellant's statement that the victim had lied about her age, the state contended appellant was attempting to shift blame for the offense and not expressing genuine remorse for his actions. The state discounted appellant's claim that he did not know the victim's age given that the victim was a daughter of a coworker and appellant had communicated with the victim on Facebook, where he observed photographs and posts indicative of a young girl.

{¶6} After considering the record before it, the PSI, victim impact statement, the statements presented at the sentencing hearing, the principles and purposes of felony sentencing pursuant to R.C. 2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, and whether community control was appropriate pursuant to R.C. 2929.13, the trial court determined appellant was not amenable to an available community control sanction. The court sentenced appellant to 36 months in prison, classified him as a tier II sex offender, ordered him to pay court costs, and advised him that he would be subject to a mandatory five-year term of postrelease control upon his release from prison.

{¶7} Appellant appealed, raising the following as his sole assignment of error:

{¶8} THE SENTENCE IMPOSED IS NOT SUPPORTED BY THE RECORD AND VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND IS CONTRARY TO LAW.

{¶9} Appellant argues his 36-month prison sentence was not supported by the record. He urges this court to consider certain factors under R.C. 2929.11 and 2929.12 that he contends demonstrate his offense was the "least serious form of the offense" and shows he does not pose a high risk of recidivism.

{¶10} An appellate court generally reviews felony sentences under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes (division [B] or [D] of section 2929.13, division [B][2][e] or [C][4] of section 2929.14, or division [I] of section 2929.20 of the Revised Code) or that the sentence is otherwise contrary to law. "A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and

recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range." *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶11} When reviewing a felony sentence, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. "The record must merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision." *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶26, citing *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50.

{¶12} The record in the present case demonstrates the trial court took into consideration all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to imposing the 36-month prison sentence. The principles and purposes of felony sentencing and the seriousness and recidivism factors were specifically mentioned by the trial court at the sentencing hearing, as well as within the sentencing entry. Additionally, the record indicates the trial court properly notified appellant that he would be subject to a mandatory five-year postrelease control term and sentenced him within the permissible statutory range for a third-degree felony offense. *See* R.C. 2929.14(A)(3)(a) ("[f]or a felony of the third degree that is a violation of section * * * [R.C.] 2907.04 * * * the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months"). Accordingly, the imposition of the 36-month prison term was not clearly and convincingly contrary to law.

{¶13} Appellant also argues that the imposition of a 36-month prison term constitutes "cruel and unusual" punishment. The Eighth Amendment to the United States

Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The amendment applies to the states pursuant to the Fourteenth Amendment. *See State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 20, citing *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417 (1962).

{¶14} "It is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). "A sentence that falls within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Lemmings*, 12th Dist. Clinton No. CA2021-01-001, 2021-Ohio-3285, ¶ 28, citing *McDougle* at 69 and *State v. Rowland*, 12th Dist. Warren No. CA2019-08-084, 2020-Ohio-2984, ¶ 63. As appellant's sentence fell within the range authorized by R.C. 2929.14(A)(3)(a), it was not excessive and does not constitute cruel and unusual punishment.

{¶15} Appellant's arguments are without merit and his assignment of error is overruled.

{¶16} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.